**Xiao Biao LI, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Attorney General of United States & Department of Homeland Security, Respondent.**

No. 04–1897–AG.

United States Court of Appeals, Second Circuit.

Jan. 23, 2006.

Mark T. Kenmore, Buffalo, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Susan Handler–Menahem, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the decision of a Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiao Biao Li, through counsel, petitions for review of the BIA's March 22, 2004 order affirming the decision of an immigration judge ("IJ") that denied Li's claims for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). Li alleged he feared persecution in China because he is a homosexual. The IJ found Li was not credible and, therefore, did not demonstrate eligibility for the relief he sought. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000). Where, as here, the BIA affirms the IJ without opinion, we review the IJ's opinion as the final agency determination. *see Twum v. INS*, 411 F.3d 54, 58 (2d. Cir. 2005).

Li's brief to this Court appears to be arguing that the persecution Li fears in China would be on account of his membership in a particular social group. The IJ, however, denied asylum based on the one-year filing deadline, and denied withholding based on an adverse credibility finding. Li's brief does not point to any error in either of these determinations and he has therefore waived these issues. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545, (2d Cir.2005).

Finally, because Li did not raise his CAT claim before the BIA, he failed to satisfy, with respect to that claim, the statutory exhaustion requirement on which this Court's jurisdiction is predicated. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The stay of removal that the Court previously granted in this petition is VACATED.

---

1. Pursuant to Federal Rul of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.